United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RULE 45 SUBPOENA ISSUED TO DR. PETER SNYDER IN RE:<br>TEVA PHARMACEUTICALS USA, INC.,<br>Plaintiff,<br>v.<br>CORCEPT THERAPEUTICS, INC., et al.,<br>Defendants. | Case No. 26-mc-80173-NW (VKD)<br>**ORDER GRANTING MOTION TO QUASH SUBPOENA TO NON-PARTY DR. SNYDER**<br>Re: Dkt. No. 1 |

Non-party Dr. Peter Snyder moves to quash Corcept Therapeutics, Inc.'s ("Corcept") deposition subpoena. Dkt. No. 1. Corcept opposes the motion. Dkt. No. 5. The Court held a hearing on the motion on July 7, 2026. Dkt. No. 20. After the hearing, and with the Court's permission, Dr. Snyder filed a declaration in support of the motion to quash. Dkt. No. 25.

For the reasons explained below, the Court grants the motion to quash.[1]

## I. BACKGROUND

On March 18, 2026, Corcept served the subpoena at issue in connection with an antitrust

[1] Dr. Snyder moves to seal portions of the memorandum of law in support of the motion to quash and to seal accompanying Exhibits B and C in their entirety. Dkt. No. 2. Dr. Snyder contends that the contents concern his personal prescribing practices for Cushing's syndrome and that public disclosure of such information could mislead patients into believing there is a "correct" or "incorrect" treatment for the syndrome, regardless of their individual conditions. *Id.* at 2. The motion is unopposed. As Dr. Snyder's sealing motion relates to a discovery matter, the good cause standard applies. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098-99 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 580 U.S. 815 (2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Good cause appearing, the Court grants Dr. Snyder's sealing motion. Unredacted portions of the memorandum of law and Exhibits B and C (Dkt. No. 4) shall remain under seal.

action, *Teva Pharmaceuticals USA, Inc. v. Corcept Therapeutics, Inc., et al.*, No. 24-cv-3567-NW (VKD) (N.D. Cal.) ("antitrust action"), pending in this District. *See* Dkt. No. 1-3. In the antitrust action, Teva Pharmaceuticals USA, Inc. ("Teva") claims that Corcept engaged in anti-competitive conduct that prevented Teva from effectively competing in the market for treatments of Cushing's syndrome with Teva's generic mifepristone. *See generally* No. 24-cv-3567, Dkt. No. 166.

Dr. Snyder is an endocrinologist who treats patients with Cushing's syndrome. *See* Dkt. No. 1-2 ¶ 6; Dkt. No. 5 at 2. He is not a party to the antitrust action, nor has he been retained by any party as an expert witness.[2] However, in connection with earlier patent litigation between Corcept and Teva, Dr. Snyder served as an expert witness for Teva in that litigation. *See* Dkt. No. 1-1 at 2; Dkt. No. 1-2 ¶¶ 5-8; Dkt. No. 5 at 1-2.

Corcept seeks a limited deposition of Dr. Snyder, arguing that he has information relevant to two issues in the antitrust action: (1) Teva's definition of the relevant market as comprising "Korlym and its AB-rated generic equivalents"; and (2) the value of the patient support services Corcept provides in driving market share. Dkt. No. 5 at 3-5.

## II. LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure governs discovery of non-parties. The scope of discovery available by subpoena under Rule 45 is the same as the scope of discovery available under Rules 26 and 30. *See* Fed. R. Civ. P. 45, advisory committee's note to 1970 amendment (noting that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"). A party may obtain discovery of any non-privileged matter that is relevant to a party's claim or defense in the action, so long as that discovery is also proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). However, Rule 45 also requires "[a] party or attorney responsible for issuing and serving a subpoena [to] take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and instructs that "the court for the district where compliance is required must quash or modify a subpoena that

[2] At the motion hearing, Dr. Snyder's counsel, who also represents Teva in the antitrust action, represented that Dr. Snyder will not testify as a fact witness or an expert witness for Teva in the antitrust action. Dkt. No. 24 at 4:10-17.

. . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(1), (3)(A)(iv). Additionally, Rule 26 provides that the court must limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). The party issuing the subpoena must demonstrate that the discovery sought is relevant to a claim or defense in the proceedings. *See Chevron Corp. v. Donziger*, No. 3:12-mc-80237-CRB (NC), 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (citation omitted); *see also Optimize Tech. Sols., LLC v. Staples, Inc.*, No. 5:14-mc-80095-LHK (HRL), 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014).

## III. DISCUSSION

According to Corcept, it wishes to depose Dr. Snyder as a fact witness, not an expert. Specifically, Corcept says that fact testimony about Dr. Snyder's "personal prescribing practices" is relevant to Teva's claims in the antitrust action in two respects. Dkt. No. 5 at 4. First, Corcept cites Dr. Snyder's prior testimony that he does not prescribe mifepristone to Cushing's syndrome patients because it is impossible for a physician to know whether he is administering the correct dose of the drug, thereby endangering the patient's health. *Id.* at 4-5, 6. Corcept argues that because other physicians *do* prescribe mifepristone, they are likely doing it because Corcept offers patient-monitoring services to reduce the risks associated with mis-dosing. *Id.* at 7. Second, Corcept cites Dr. Snyder's prior testimony that he does not prescribe mifepristone to his patients, but instead prescribes a different drug, osilodrostat, to patients who would be eligible to take mifepristone. *Id.* at 2. Corcept argues that the fact that Dr. Snyder prescribes other drugs (besides Korlym and generic mifepristone) to patients eligible to take mifepristone shows that these other drugs are substitutable for Korlym and part of the relevant market. *Id.* at 7-8.

In moving to quash the subpoena, Dr. Snyder contends that he has no relevant factual testimony to provide in the antitrust action. He has not prescribed Corcept's Korlym since at least 2021; he has never prescribed Teva's generic mifepristone; and he has no knowledge of the patient support services either company provides. Dkt. No. 1-1 at 4, 5-6; Dkt. No. 8 at 5; Dkt. No. 25. He argues that Corcept effectively seeks to obtain his expert opinion testimony regarding whether other physicians who prescribe mifepristone do so because they believe Corcept's patient services

address the dosing risk, as well as his expert opinion testimony about which other therapies are substitutes for Korlym and generic mifepristone—all without retaining him as an expert. Dkt. No. 8 at 4-7. Finally, Dr. Snyder argues that Corcept has means to obtain the views of physicians who actually prescribe Korlym or generic mifepristone, either directly or by means of expert testimony, and can also retain its own expert regarding the nature of the relevant market. Dkt. No. 1-1 at 8. He argues that Corcept's effort to obtain testimony from him individually unduly burdens him. *Id*.

The Court agrees with Dr. Snyder that there is no justification for requiring him to provide deposition testimony regarding his "personal prescribing practices" in connection with the antitrust action. Dr. Snyder has no relevant factual information, and to the extent Corcept wishes to question him about the practices and concerns of other endocrinologists or endocrinologists generally, the subpoena improperly seeks Dr. Snyder's expert opinion without establishing that he has any unique expertise that Corcept could not otherwise obtain without undue hardship. *See* Fed. R. Civ. P. 45(d)(3)(C)(i). Corcept is not assisted by its belated reliance on *Natural Resources Defense Council v. Berhnardt*, No. 05-cv-01207 LJO EPG, 2019 WL 691195, at *2 (E.D. Cal. Feb. 19, 2019), in which the district court permitted plaintiffs to depose an employee of the Fish and Wildlife Service ("FWS") as an expert to rebut a defense expert's opinion critiquing *the employee's own work* regarding the FWS methodology and analysis at issue in the case. Rather, Corcept's efforts to obtain Dr. Snyder's testimony here are similar to the efforts rejected by the district courts in *In re Schaefer*, 331 F.R.D. 603, 609-12 (W.D. Pa. 2019) and *In re Arkansas Safe Foods Patent Infringement Litigation*, No. 22-mc-3993-ECM-SMD, 2022 WL 18110012, at *4 (M.D. Ala. Dec. 8, 2022), *report and recommendation adopted*, No. 22-mc-3993-ECM, 2023 WL 98370 (M.D. Ala. Jan. 4, 2023).

The Court understands that Corcept believes Dr. Snyder's prior testimony in the patent litigation matter contradicts or undermines the theories Teva advocates in the antitrust action. However, Teva has already agreed that Dr. Snyder's prior deposition and trial testimony from the patent litigation matter may be admitted in evidence in the antitrust action, so Corcept will be able to use that testimony, as well as the declaration Dr. Snyder filed in this miscellaneous action (Dkt. No. 25), to rebut Teva's theories, assuming the presiding judge otherwise deems the testimony

United States District Court
Northern District of California

relevant and admissible. *See* Dkt. No. 8 at 2 n.1; Dkt. No. 24 at 6:5-8, 24:16-25:2. In these circumstances, there is no justification for requiring Dr. Snyder to submit to a further deposition in the antitrust action.

## IV. CONCLUSION

The Court grants Dr. Snyder's motion to quash.

**IT IS SO ORDERED.**

Dated: July 16, 2026

Virginia K. DeMarchi
United States Magistrate Judge